SHARON A. URIAS (SBN 180642)
sharon.urias@gmlaw.com
RYAN C. C. DUCKETT (SBN 288750)
ryan.duckett@gmlaw.com
GREENSPOON MARDER LLP
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  480.306.5458
Facsimile:   480.306.5459

Attorneys for Plaintiff Romye Robinson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMYE ROBINSON, p/k/a BOOTIE BROWN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>IMANI WILCOX, p/k/a IMANI, an individual; BLQSTRDST LABS LLC, an unknown entity; and DOES 1 through 20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1) Trademark Infringement under 15 U.S.C. § 1114;**<br>**2) Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A);**<br>**3) Trademark Dilution under 15 U.S.C. § 1125(c)**<br>**4) False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a);**<br>**5) Unfair Competition under Cal. Bus. & Prof. Code § 17200 et seq.;**<br>**6) Common Law Unfair Competition; and**<br>**7) Declaratory Judgment**<br><br>**DEMAND FOR JURY TRIAL** |

For his Complaint, Plaintiff Romye Robinson p/k/a/ Bootie Brown ("Robinson" or "Plaintiff") states and alleges as follows:

## NATURE OF THE CASE

1. This is an action for claims including, *inter alia*, trademark infringement, dilution, false designation of origin, unfair competition and breach of contract arising

out of a former band member's unauthorized and wrongful use of Plaintiff's mark, THE PHARCYDE®, and which the former band member at every opportunity nevertheless seeks commercially advance, conspiring with other former band members to use Plaintiff's mark without his consent.

2. Plaintiff's exclusive ownership and senior use in commerce of his registered and common law trademarks consisting of "The Pharcyde" predates and thus precludes under federal and state law Defendants' knowing, intentional and willful use of "The Pharcyde" with identical goods and services in the same market.

## PARTIES, JURISDICTION AND VENUE

3. Robinson, a professional musician, performing artist and designer, is and at all relevant times hereto was, an individual residing in the state of California, County of Los Angeles.

4. Imani Wilcox p/k/a Imani ("Wilcox" or "Defendant"), a professional musician and performing artist, is and at all relevant times hereto was, an individual residing in the state of California, County of Los Angeles.

5. Blqstrdst Labs LLC ("Blqstrdst Labs") is an unknown entity, and believed to be fictitiously operating as a California limited liability company, although it is not registered with the California Secretary of State.

6. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive. Plaintiff therefore sues these defendants by such fictitious names and capacities in place of their true names. Plaintiff will amend this Complaint to allege these defendants' true names and capacities when ascertained. At all times herein mentioned, DOES 1 through 20, inclusive, and each of them, were the agents, affiliates, subsidiaries, employees and/or alter-egos of one or more Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of its agent; and/or DOES 1 through 20, inclusive, have acted or failed to act in concert with Defendants as alleged herein, and are responsible in some manner for the injuries and

damages suffered by Plaintiff. All references to Defendants herein shall be deemed to include DOES 1 through 20, inclusive.

7. This Court has personal jurisdiction over Defendants because (i) Wilcox resides and Blqstrdst Labs apparently operates in California and in this judicial district; (ii) Defendants have caused their products and services to be advertised, promoted and sold under the infringing mark(s) in California and in this judicial district; (iii) the claims for relief asserted in this Complaint arise out of Defendants' contacts with California and this judicial district; and (iv) Defendants have caused injury to Plaintiff in California and this judicial district.

8. This Court has original jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), as well as under 28 U.S.C. § 1331, as this is a civil action arising under 15 U.S.C. § 1125 *et seq*. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367, as such claims form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (d) because Defendant Wilcox resides and BLQSTRDST LABS apparently operates in this judicial district and because Defendants are subject to personal jurisdiction in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS
### Robinson Owns THE PHARCYDE®

10. Plaintiff and Wilcox performed together as a hip hop group with two other artists, Derrick Stewart ("Stewart") and Trevant Hardson ("Hardson") under the name "The Pharcyde" from 1989 until 1997 ("The Pharcyde Band").

11. Accordingly, from 1989 through approximately 1997, The Pharcyde Band used the common law mark, THE PHARCYDE™, in connection with their live musical performances, sale of music recordings and related merchandise in commerce.

12. At all relevant times hereto, Plaintiff acted as one of The Pharcyde Band's leaders. Also at all relevant times hereto, Plaintiff owned and never assigned or

otherwise contracted away from or abandoned any of his intellectual property rights, including but not limited to his rights in and to trademarks or copyrights.

13. In 1997, Stewart left the band for personal reasons. The Pharcyde Band continued to perform as a three-member group until approximately August 1, 1999, when Hardson unilaterally dissociated himself from the group through a written agreement. This dissociation resulted in Plaintiff and Wilcox being the sole remaining members of The Pharcyde Band. Thereafter, from 1999 through mid-2008, The Pharcyde Band was a two-member band consisting of Plaintiff and Wilcox.

14. Then, on or about June 9, 2008, Robinson and Wilcox entered into a one-year tour agreement with Stewart and Hardson (the "Tour Agreement"). The Tour Agreement allowed Stewart and Hardson to tour with Robinson and Wilcox for a limited time of one year under THE PHARCYDE™.

15. Pursuant to the Tour Agreement, Robinson, Wilcox, Stewart and Hardson agreed that "ownership of The Pharcyde name, intellectual property, and likenesses are and shall remain the sole property of Romye Robinson and Imani Wilcox" during the one-year term of the Agreement, which expired on or about June 9, 2009.

16. Throughout the year 2012, it became evident to Robinson and Wilcox that the former members, Stewart and Hardson, were infringing on THE PHARCYDE™ common law mark, as well as various copyrights, by unlawfully using, without authorization or permission, THE PHARCYDE™ mark and musical content owned by Robinson and Wilcox while performing across the nation and internationally for what was wrongfully promoted as "The Pharcyde's 20th Anniversary Tour."

17. Accordingly, Robinson through counsel, sent multiple cease and desist letters to the former band members, but to no avail. After discussions with Wilcox about retaining counsel to assist with registering THE PHARCYDE™ mark and retaining counsel to prosecute the former band members for infringement, it became evident to Robinson that Wilcox had no interest in advancing any finances to protect THE PHARCYDE™ mark.

18. On April 7, 2012, Robinson filed an application to register THE PHARCYDE™ in the United States Patent and Trademark Office ("USPTO") in Class 41 for "Entertainment services in the nature of live musical performances" alleging a first use date of November 24, 1992. Robinson filed the application in his own name, to which Wilcox consented, agreeing that Robinson would be the sole owner of the mark, and he would use it pursuant to a revocable limited license from Robinson.

19. On or around June 7, 2013, Robinson and Wilcox filed a lawsuit in the United States Central District of California against among others, Hardson and Stewart, alleging, *inter alia*, trademark infringement and unfair competition pursuant to Cal. Bus. & Prof. Code § 17200. In connection with the preliminary injunction ordered by the Court precluding, among other things, use of the mark, Robinson posted a $10,000.00 bond.

20. Robinson and Wilcox further secured a permanent injunction against another named defendant in the 2013 suit that precluded Hardson and Stewart from being promoted as "The Pharcyde," "formerly of The Pharcyde," "Bizarre Ride II The Pharcyde," or any derivative thereto, including an injunction against promoting any performances by Hardson p/k/a "Slimikid" and/or Stewart p/k/a "Fatlip."

21. On June 14, 2016, the USPTO issued Reg. No. 4,975,747 to Robinson for THE PHARCYDE® ("The Pharcyde Registered Mark"), pursuant to the above-described application. A true and correct copy of the Registration Certificate is attached hereto as Exhibit A.

22. The Pharcyde Registered Mark has been and remains in continuous use in commerce by Robinson since as early as 1992 in connection with entertainment services in the nature of live musical performances.

23. In or about 2020, Robinson terminated Wilcox's license, and Wilcox no longer has any right to use The Pharcyde Marks (defined below). Indeed, Wilcox publicly acknowledged that the license was terminated by holding himself out as a former member of The Pharcyde Band and discontinuing his use of THE

PHARCYDE®.

24. Now, more recently throughout 2023, Wilcox has caused, conspired with, and enabled Hardson and Stewart to continuously showcase multiple performances as if Wilcox, Hardson and Stewart are now collectively The Pharcyde Band in derogation of Robinson's intellectual property rights.

25. Additionally, Wilcox now competes directly against Robinson, by unlawfully using, without Robinson's permission, "The Pharcyde" in connection with musical performances, tours and the sale of merchandise throughout the United States, performing as "The Pharcyde."

26. Based on information and belief, Wilcox has negotiated at least one distribution deal with a clothing manufacturer and retailer to distribute apparel under "The Pharcyde," without seeking Robinson's permission or authorization, and without payment of any royalties generated by the distribution deal. Nor has Wilcox paid any royalties to Robinson for his use of the mark in connection with other activities performed, upon information and belief, under "The Pharcyde."

### Blqstrdst Labs Recently Filed a Trademark Application and Wilcox Wrongfully Instituted a Cancellation Proceeding

27. Although Robinson filed his trademark application to register THE PHARCYDE® in 2012 and although the registration issued in 2016, Wilcox never filed any opposition proceeding in the USPTO, nor did he ever contest Robinson's ownership of The Pharcyde Registered Mark from 2012 through 2023, at all times acknowledging and understanding that Robinson was the sole owner of all common law and registered rights in and to The Pharcyde Marks, as defined below. Accordingly, Robinson acquiesced to Wilcox's ownership and use of the mark, waived any right to contest it and is further barred by the doctrine of laches.

28. On March 10, 2023, Robinson, within his rights, filed an application in the USPTO, Serial No. 97,833,755, to register his THE PHARCYDE™ ("The Pharcyde Common Law Mark") in International Class 9 ("Compact discs featuring music;

Downloadable musical sound recordings; Series of musical sound recordings; Musical sound recordings; Turntable slipmats.") and in International Class 25 ("Hats; Hoodies; Shirts; Baseball caps; Crew necks; T-shirts."), alleging a first use date of November 24, 1992, as well as in International Class 28 ("Skateboards."), alleging a first use date of June 1, 2009. The Pharcyde Registered Mark and the Pharcyde Common Law Mark are referred to together herein as "The Pharcyde Marks."

29. On May 24, 2023, Blqstrdst Labs filed a conflicting application to register "The Pharcyde" as a design mark consisting of "The Pharcyde" in graffiti font, as the following design:

![The Pharcyde logo in graffiti font]

in the USPTO, with Serial No. 98,011,330, in International Class 025 for "Shirt; Shirts and short-sleeved shirts; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, and athletic uniforms" (the "Infringing Mark.")

30. Blqstrdst Labs's application falsely represents, under penalty of perjury, that Blqstrdst Labs first used the Infringing Mark in commerce on January 1, 1992. Upon information and belief, Blqstrdst Labs is not a legitimate entity and has never actually used the Infringing Mark in commerce or otherwise.

31. Upon information and belief, Wilcox misrepresented to the USPTO that Blqstrdst Labs is a California limited liability company, which it is not. Rather, upon information and belief, Blqstrdst Labs is Wilcox's alter ego and/or is merely a fictitious company with a common interest shared with Wilcox.

32. Upon information and belief, Blqstrdst Labs shares its bank accounts and comingles funds with Wilcox, namely because a financial institute is prohibited from opening an account for a falsified unregistered entity. Therefore, Wilcox and Blqstrdst Labs have a unity of interest and any remedy or recovery Robinson receives through this suit from Blqstrdst Labs would lead to an inequitable and unjust result if not also received against Wilcox individually, given that Blqstrdst Labs is believed to have

insufficient funds and is undercapitalized.

33. Only recently on July 28, 2023, despite that Blqstrdst Labs filed the above-described application to register the Infringing Mark. Wilcox filed a Petition for Cancellation of The Pharcyde Registered Mark (the "Petition") in the Trademark Trial and Appeal Board ("TTAB"), which currently is pending.

34. On September 6, 2023, Robinson filed his Opposition to Wilcox's Petition, and intends to file a motion to stay the TTAB proceeding pending disposition of this action.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1114)

### (Against All Defendants)

35. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

36. Plaintiff owns all rights and interests in its valid and subsisting trademark registration for THE PHARCYDE®, U.S. Reg. No. 85,591,754.

37. Defendants' unauthorized use in commerce of "The Pharcyde" is likely to cause, and has caused, confusion, mistake or deception, thus constituting trademark infringement in violation of the Lanham Act.

38. Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's senior rights in The Pharcyde Registered Mark and with the intent to cause confusion and trade on Plaintiff's goodwill and reputation as established through its use of the mark.

39. At all relevant times hereto, Defendants used and/or are using "The Pharcyde" in direct competition with Plaintiff in commerce, and such use is likely to cause confusion, or to cause mistake or to deceive. Both Plaintiff and Defendants offer their identical services through the same channel of trade, including but not limited to the Internet, retail stores and live musical performances.

40. Defendants' use of "The Pharcyde" has harmed, and will continue to harm, Plaintiff by causing the public to be confused or mistaken into believing that the services provided by Defendants are associated with, approved by or otherwise originating from Plaintiff and/or under Plaintiff's The Pharcyde Registered Mark, resulting in lost sales to Plaintiff.

41. Plaintiff has no control over the nature or quality of Defendants' goods and/or services under "The Pharcyde," and Plaintiff's reputation and goodwill will be damaged by Defendants' continued use of the mark.

42. As demonstrated by Defendants' refusal to cease use of "The Pharcyde," Defendants' acts, as alleged above, if not enjoined, will continue and Plaintiff has no adequate remedy at law.

43. As a result of Defendants' infringement of The Pharcyde Registered Mark, Plaintiff has incurred damages in an amount to be proven at trial, consisting of Defendants' unlawful profits from his unauthorized use of the mark.

44. Upon information and belief, Defendants' acts of trademark infringement were and continue to be undertaken with knowledge of Plaintiff's mark and have been willful, deliberate and in bad faith, with the intent to call to mind, create a likelihood of confusion with and/or trade off the recognition of Plaintiff and its The Pharcyde Registered Mark, thereby making this case exceptional under 15 U.S.C. § 1117, entitling Plaintiff to recover three times the amount of its actual damages, attorneys' fees, costs and prejudgment interest.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A))

### (Against All Defendants)

45. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

46. Plaintiff owns all rights in and to The Pharcyde Common Law Mark in connection with the sale of musical recordings, apparel, which he has been using in

commerce since November 24, 1992, as well as skateboards, which he has been using in commerce since June 1, 2009.

47. Plaintiff's The Pharcyde Common Law Mark has become distinctive of Plaintiff as a source of quality goods and services and has acquired secondary meaning. Plaintiff owns common law trademark rights in The Pharcyde Common Law Mark and the mark is protectable under 15 U.S.C. § 1125(a) and under common law.

48. At all relevant times hereto, Defendants used and/or are using "The Pharcyde" in direct competition with Plaintiff in commerce, and such use is likely to cause confusion, or to cause mistake or to deceive. Both Plaintiff and Defendants offer their identical goods and services through the same channel of trade, including but not limited to the Internet, retail stores and live musical performances.

49. Defendants' use of "The Pharcyde" has harmed, and will continue to harm, Plaintiff by causing the public to be confused or mistaken into believing that the goods and/or services provided by Defendants are associated with, approved by or otherwise originating from Plaintiff and/or under Plaintiff's The Pharcyde Common Law Mark, resulting in lost sales to Plaintiff.

Plaintiff has no control over the nature or quality of Defendants' goods and/or services under "The Pharcyde," and Plaintiff's reputation and goodwill will be damaged by Defendants' continued use of the mark.

50. As demonstrated by Defendants' refusal to cease use of "The Pharcyde," Defendants' acts, as alleged above, if not enjoined, will continue and Plaintiff has no adequate remedy at law.

51. As a result of Defendants' infringement of The Pharcyde Common Law Mark, Plaintiff has incurred damages in an amount to be proven at trial, consisting of Defendants' unlawful profits from use of the mark.

52. Defendants' acts of trademark infringement were and continue to be undertaken with knowledge of Plaintiff's mark and have been willful, deliberate and in bad faith, with the intent to call to mind, create a likelihood of confusion with and/or

trade off the recognition of Plaintiff and his The Pharcyde Common Law Mark, thereby making this case exceptional under 15 U.S.C. § 1117, entitling Plaintiff to recover three times the amount of its actual damages, attorneys' fees, costs and prejudgment interest.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution under 15 U.S.C. § 1125(c))

### (Against Wilcox)

53. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

54. Plaintiff's THE PHARCYDE® is famous and distinctive within the meaning of 15 U.S.C. § 1125(c), and has been used in commerce for decades nationwide, and play a prominent role in Plaintiff's marketing, advertising, and underscores his popularity as a musician, performing artist and designer since the late 1980's/early 1990's.

55. Among other things, (a) the mark has acquired a high degree of distinctiveness; (b) Plaintiff has used the mark continuously for over 30 years throughout the United States in connection with promoting his goods and services as a musician and performing artist; (c) Plaintiff has advertised and publicized the mark for many decades throughout the United States; (d) Plaintiff has used the mark in a trading area of broad geographical extent encompassing all of the states and territories of the United States; (e) the mark has a high degree of recognition among the relevant consuming public, including fans of the hip hop genre of music; (f) there is no similar mark in use to any extent or in any nature by third parties in connection with the same goods and services and (g) the mark was first registered on the Principal Register on June 14, 2016, and its registration remains in full force and effect.

56. THE PHARCYDE® became famous long before Defendant began using "The Pharcyde" in commerce to promote himself as a musician and performing artist, in direct competition with Plaintiff.

57. Defendant's use of "The Pharcyde" actually dilutes, or is likely to dilute,

the distinctive quality of THE PHARCYDE® and thus lessens the capacity of THE PHARCYDE® to identify and distinguish Plaintiff's music, tours and promotional apparel.

58. Defendant's unlawful use of "The Pharcyde" in connection with his inferior goods and services also tarnishes THE PHARCYDE® and causes blurring in the minds of consumers between Plaintiff and Defendant, as well as between genuine THE PHARCYDE® goods and services, and Defendant's goods and services, thereby lessening the capacity of THE PHARCYDE® to serve as a unique identifier of Plaintiff's goods and services.

59. By the foregoing wrongful and deliberate acts described herein, Defendant has intentionally and willfully diluted, or is likely to dilute, the distinctive quality of the famous THE PHARCYDE® mark in violation of the Lanham Act, and Defendant's use of "The Pharcyde" in commerce severely tarnishes it, with consequent damage to Plaintiff and the services and goodwill symbolized by that mark.

60. Defendant's willful acts of dilution have caused and are causing great and irreparable injury to Plaintiff and its mark and to the services and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

61. As a result of Defendants' infringement, Plaintiff has incurred damages in an amount to be proven at trial, consisting of Defendants' unlawful profits from use of "The Pharcyde."

62. Defendants' acts of trademark infringement were and continue to be undertaken with knowledge of Plaintiff's mark and have been willful, deliberate and in bad faith, with the intent to call to mind, create a likelihood of confusion with and/or trade off the recognition of Plaintiff and his mark, thereby making this case exceptional under 15 U.S.C. § 1117, entitling Plaintiff to recover three times the amount of its actual damages, attorneys' fees, costs and prejudgment interest.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition)

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

63. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

64. Defendants have been using "The Pharcyde" in connection with the sale, offer for sale, social media, advertising of services, live music performances and other sources of entertainment in direct competition with Plaintiff, which is identical or confusingly similar to Plaintiff's marks.

65. Plaintiff's THE PHARCYDE™ mark is non-functional and inherently distinctive.

66. Defendants' use of "The Pharcyde" constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' business with another person, or as to the origin, sponsorship, or approval or its goods, services or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).

67. Defendants conduct their use of "The Pharcyde" in commerce without authorization, permission or consent by Plaintiff. Defendants' conduct is intended to divert, and likely to divert, potential (and existing) customers away from Plaintiff.

68. Plaintiff has no control over the nature and quality of the goods and/or services that may be provided by Defendants.

69. Defendants' infringement of Plaintiff's mark, especially in connection with goods and services identical to those of Plaintiff's business dilutes and devalues Plaintiff's mark.

70. Defendants' use of "The Pharcyde" in connection with the sale, offer for sale and advertising of competing goods and services with knowledge of Plaintiff's trademark rights renders Defendants' trademark infringement willful, intentional and in

bad faith.

71. As demonstrated by Defendants' refusal to cease use of "The Pharcyde," Defendants' acts, as alleged above, if not enjoined, will continue and Plaintiff has no adequate remedy at law.

72. As a result of Defendants' infringement, Plaintiff has incurred damages in an amount to be proven at trial, consisting of Defendants' unlawful profits from use of "The Pharcyde."

73. Defendants' acts of trademark infringement were and continue to be undertaken with knowledge of Plaintiff's mark and have been willful, deliberate and in bad faith, with the intent to call to mind, create a likelihood of confusion with and/or trade off the recognition of Plaintiff and his mark, thereby making this case exceptional under 15 U.S.C. § 1117, entitling Plaintiff to recover three times the amount of its actual damages, attorneys' fees, costs and prejudgment interest.

## FIFTH CLAIM FOR RELIEF
### (Cal. Bus. & Prof. Code § 17200 et seq.)
### (Against All Defendants)

74. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

75. Business and Professions Code § 17200 states, in part, that, "[u]nfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice."

76. Defendants' conduct is "unlawful" within the meaning of section 17200 because it violates 15 U.S.C. §§ 1114 and 1125(a).

77. Defendants' conduct is "unfair" within the meaning of section 17200 because Defendants knowingly, intentionally and in bad faith competes unfairly against Plaintiff by using "The Pharcyde" in connection with Defendants' offering of services in direct competition to Plaintiff via the same marketing channels and to the same existing and potential customers. In addition, Defendants knowingly, intentionally and

in bad faith seeks to confuse and deceive Plaintiff's customers with Defendants' infringing "The Pharcyde" products and services.

78. Upon information and belief, Defendants' wrongful use of Plaintiff's trademark is done in an unfair and unlawful manner to divert customers to Defendants' website, social media, live musical performances and partnered stores offering competitive goods and services under "The Pharcyde."

79. As a direct and proximate result of Defendants' wrongful conduct, as herein alleged, Plaintiff has suffered, and unless Defendants' conduct is enjoined, will continue to suffer, injury in fact and irreparable harm, to which Plaintiff has no remedy at law. Accordingly, Plaintiff is entitled to injunctive relief and corrective advertising.

## SIXTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

**(Against All Defendants)**

80. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

81. Defendants' actions constitute unfair competition under applicable state common law, in that Defendants' use of "The Pharcyde" is deceptively similar to Plaintiff's The Pharcyde Marks and Defendants' use of "The Pharcyde" is creating and/or increasing confusion between goods and services provided by Plaintiff and Defendants, to the detriment of Plaintiff and the public.

82. As a direct and proximate result of Defendants' wrongful conduct, as herein alleged, Plaintiff has suffered and will continue to suffer damages in an amount consisting of Defendants' wrongful profits obtained from use of "The Pharcyde," to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Trademark Ownership Rights)**

**(Against All Defendants)**

83. Plaintiff repeats and realleges each and every allegation contained in the

above paragraphs of this Complaint as though fully set forth herein.

84. A dispute and actual controversy has arisen between Plaintiff and Defendant as to the respective rights of the parties regarding the questions of whether: (i) Plaintiff is the exclusive owner of his The Pharcyde Marks; and (ii) Defendant may be precluded from using "The Pharcyde."

85. Accordingly, pursuant to the Declaratory Judgment Act, Plaintiff seeks an Order from this Court declaring that: (i) Plaintiff is the sole and rightful owner of The Pharcyde Marks; (ii) Defendant's Petition with the USPTO challenging Plaintiff's ownership should be withdrawn or denied; (iii) Defendant's pending USPTO application with Serial No. 98,011,330 should be withdrawn or denied; and (iv) Defendant cannot use "The Pharcyde" or any derivative thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(i) For judgment in his favor on each and every claim for relief set forth in the Complaint, and that Defendant takes nothing in Defendant's defense;

(ii) For damages in an amount to be proven at trial, consisting of Defendant's unlawful profits;

(iii) For an Order declaring:

(a) Plaintiff is the sole and rightful owner of The Pharcyde Marks;

(b) Defendant's Petition with the USPTO challenging Plaintiff's ownership should be withdrawn or denied;

(c) Defendant's pending USPTO application with Serial No. 98,011,330 should be withdrawn or denied; and

(d) Defendant cannot use "The Pharcyde" or any derivative thereof.

(iv) For attorneys' fees under 15 U.S.C. § 1117(a);

(v) For costs of suit; and

(vi) For other relief as the Court deems just and proper.

DATED: October 10, 2023					**GREENSPOON MARDER LLP**

								By:  /s/ Sharon A. Urias
								       Sharon A. Urias
								       Ryan C. C. Duckett

								*Attorney for Plaintiff Romye Robinson*

# DEMAND FOR JURY TRIAL

Plaintiff Romye Robinson, hereby, demands a trial by jury as provided under the laws of the State of California.

Dated: October 10, 2023

**GREENSPOON MARDER LLP**

By: */s/ Sharon A. Urias*
   Sharon A. Urias
   Ryan C. C. Duckett

*Attorney for Plaintiff Romye Robinson*